UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JASHAAD GULIFIELD,

                              Petitioner,                        **ORDER**

- against –                                                        No. 18-CV-2411 (CS)

SUPERINTENDENT MILLER,

                              Respondent.
---------------------------------------------------------------x

Seibel, J.

      A report and recommendation on this petition pursuant to 28 U.S.C. § 2254 was issued on April 15, 2022. (ECF No. 28 (the "R&R").) Despite Petitioner having provided the Court with an address at Downstate Correctional Facility, (ECF No. 14), the Magistrate Judge determined from the New York State inmate database that Petitioner was then housed at Green Haven Correctional Facility, and sent the R&R there, (R&R at 1 & n.1). No objections were received, and I adopted the R&R as the decision of the court on May 11, 2022. (ECF No. 29.) Judgment was entered on May 16, 2022. (ECF No. 30.) Petitioner now seeks to file belated objections, explaining that he was released from Green Haven on April 19, 2022, and never received the R&R. (ECF No. 31.) He made no effort to advise the court of his whereabouts or to ascertain the status of the action until 18 months later, about six weeks after he had been re-arrested and confined in the Rockland County Jail. (*Id.*)

      During the pendency of the case, Petitioner was advised of his obligation to keep the court apprised of his address, (ECF No. 7 at 1, 2, 18),[1] and he in fact twice provided updated

---

[1] For ease of reference, the citations to ECF No. 7 refer to page numbers set by the Court's Electronic Case Filing ("ECF") system.

addresses, (ECF Nos. 12, 14). But the last such update was in 2018. "[W]hen a party changes addresses, it is his obligation to notify the court of his new address." *Ackridge v. Martinez*, No. 09-CV-10400, 2011 WL 5865265, at *3 (S.D.N.Y. Nov. 22, 2011); *see Thornton v. Moroney*, No. 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (plaintiff had "duty to diligently pursue his case" and inform court of any change of address); *Handlin v. Garvey*, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (keeping address updated is "obligation that rests with all *pro se* plaintiffs").[2]

Judgment has been entered, so I construe Petitioner's motion as one under Federal Rule of Civil Procedure 60(b). Relief under this statute is extraordinary and available only in exceptional circumstances. *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009). Because Petitioner is *pro se*, I afford him special solicitude. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

Rule 60(b)(1), which permits the court to relieve a party of a final judgment based on "mistake, inadvertence, surprise, or excusable neglect," affords Petitioner no avenue for relief, both because his application comes beyond the one-year limitations period for such motions, *see* Fed. R. Civ. P. 60(c)(1), and because his own failure to update his address does not constitute excusable neglect, *see, e.g., Rajasekhar v. Env't Data Res., Inc.*, No. 20-CV-576, 2020 WL 6826738, at *2-3 (D. Conn. Nov. 20, 2020) (no relief under Rule 60(b)(1) where plaintiff did not comply with obligation to update address, delay was significant, and no adequate justification provided); *Graham v. Sullivan*, No. 86-CV-163, 2002 WL 31175181, at *3-4 (S.D.N.Y. Sept. 23, 2002) (denying relief under Rule 60(b) where plaintiff made no effort to ascertain status of case

---

[2] The Court will send Petitioner copies of any unreported cases cited in this Order. Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

for fourteen months); *Orshan v. Macchiarola*, 105 F.R.D. 534, 539 (E.D.N.Y. 1985) (Rule 60(b) movant alleging that court failed to provide him with notice of entry of judgment must make "independent demonstration of diligent effort in monitoring the suit," and relief not warranted "absent such affirmative industry"); *see also Williams v. Cambridge Integrated Servs. Grp.*, 235 F. App'x 870, 873 (3d Cir. 2007) (*pro se* plaintiff's failure to update address, coupled with failure to inquire about status of case, did not constitute excusable neglect); *Young v. Dep't of Corr.*, No. 16-CV-143, 2017 WL 4286305, at *2 (D. Vt. Aug. 23, 2017) ("failing to notify the court of an address change (even if it results from a prison transfer), does not amount to excusable neglect"), *report and recommendation adopted*, 2017 WL 4335029 (D. Vt. Sept. 27, 2017).

Nor does Rule 60(b)(6) apply. First, relief under that subsection is foreclosed where, as here, the grounds fall within another subsection of the Rule. *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)."). Rule 60(b)(6) cannot be used to circumvent the time limitations of Rule 60(b)(1). *United States v. Concepcion*, No. 18-CR-6051, 2023 WL 2764790, at *4 (W.D.N.Y. Apr. 3, 2023). Second, even if the grounds for the motion did not fall under another subsection, Rule 60(b)(6) motions must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and Plaintiff has presented no basis on which to conclude that the eighteen months that have elapsed here is a reasonable period, *see, e.g., Moses v. United States,* 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (collecting cases where delays ranging from ten to twenty months following decision found not to be within reasonable time), *aff'd*, 119 F. App'x 357 (2d Cir. 2005); *Graham*, 2002 WL 31175181, at *4 (Rule 60(b)(6) motion made fourteen months after challenged decision not made within

reasonable time).  Indeed, Petitioner has made no effort to explain why he decided to inform the court of his whereabouts at this time or why he did not do so sooner.

Given that Petitioner knew how to update his address, failed to comply with the requirement that he do so, did nothing for eighteen months after his release from prison, and has provided no adequate explanation for those failures, the motion is denied.  *See Pollard v. Does*, 452 F. App'x 38, 40 (2d Cir. 2011) (summary order).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  The Clerk of Court is respectfully directed to send a copy of this Order and of ECF Nos. 29 and 30 to:  1) Jashaad Gulifield, #009471 Rockland County Jail, 53 New Hempstead Road, New City, NY 10956; and 2) Jashaad Gulifield, 608 Nyack Plaza, Nyack, NY 10960.

**SO ORDERED.**

Dated:  December 15, 2023
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.